PLEASANT CARE CORPORATION; SNF Properties, Inc.; PCC Health Services, Inc.; Ember Care Corporation; Atlas Care Enterprises, Inc.; Stockton Edison Health Corporation, Plaintiffs—Appellants,

v.

Michael O. LEAVITT, in his capacity as Secretary of the Department of Health and Human Services, an agency of the United States, Defendant—Appellee.

No. 07–55319.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2008.

Filed June 26, 2008.

---

Sadiri S. Padre, Esq., Law Offices of Sadiri S. Padre, Los Angeles, CA, for Plaintiffs–Appellants.

Russell W. Chittenden, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Pleasant Care Corp. challenges the classification of Federal Insurance Contributions Act ("FICA") taxes for purposes of reimbursement under Medicare Part A. A fiscal intermediary refused Pleasant Care's request to place FICA tax expenses in the administrative and general cost center rather than the employee benefits cost center. Pleasant Care sought review from the Provider Reimbursement Review Board (the "Board"), which affirmed the fiscal intermediary's classification. The district court, in turn, affirmed the Board. Pleasant Care appeals the district court's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo the district court's affirmance of the Board's decision. *French Hosp. Med. Ctr. v. Shalala,* 89 F.3d 1411, 1416 (9th Cir.1996). Under the Administrative Procedure Act, a Medicare decision will be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ... [or] unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E); *Robert F. Kennedy Med. Ctr. v. Leavitt,* 526 F.3d 557, 561 (9th Cir.2008). We accord "substantial

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

deference" to the Board's interpretation of medical reimbursement regulations. *Id.*

■ We conclude that the classification of FICA taxes as fringe benefits, and therefore part of the employee benefits cost center, was not an abuse of discretion. No statute unambiguously indicates how to classify FICA taxes. *See* 42 U.S.C. § 1395f(b)(1) (providing for reimbursement on a "reasonable cost" basis); 42 U.S.C. § 1395x(v)(1)(A) (defining "reasonable cost" as "the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services"). Nor do regulations enacted to establish methods of determining reasonable costs provide a clear answer; they simply establish general requirements for the provision of adequate cost data and the use of an approved method of cost finding. *See* 42 C.F.R. § 413.24. The Board could reasonably conclude that allocating FICA tax expenses only to those cost centers with employees or direct salary expenses was the most accurate and appropriate methodology for determining reasonable costs. *Cf. Robert F. Kennedy Med. Ctr.*, 526 F.3d at 562.

So classifying the FICA tax expense, the Board characterized it as a fringe benefit. Pleasant Care points out that Section 2144.1 of the Provider Reimbursement Manual defines "fringe benefits" as benefits paid "to, or on behalf of, an employee," a definition that arguably excludes the employer's share of FICA taxes. *See* 26 U.S.C. § 3111(a) (Internal Revenue Code provision establishing the FICA tax as an "excise tax ... with respect to employment"). We reject the contention that this language in the manual disposes of the question at bar. The manual's pronouncement does not unambiguously resolve the question of FICA tax classification, nor does it countermand the Board's resolution

of the issue after formal adjudication. *Cmty. Hosp. of the Monterey Peninsula v. Thompson,* 323 F.3d 782, 790–91 (9th Cir. 2003). The same goes for certain advisory letters sent to a third party by the Centers for Medicare and Medicaid Services, which make conflicting statements about FICA tax classification and do not have force of law. *Id.* at 791.

■ Finally, we reject the contention that the Board's decision was arbitrary because it has classified employer expenses of unemployment compensation and workers compensation differently from FICA. The issue under review is whether the Board's allocation classification of FICA expense to the employee benefits cost center withstands review under the standards of the Administrative Procedure Act. For reasons already stated, the Board did not act arbitrarily in so classifying FICA expenses. Whether unemployment insurance and workers compensation expenses should or should not have been placed in employee benefit centers does not affect the justification for placing FICA expenses there.

Our conclusion is not altered by the holding of *Sarasota Mem'l Hosp. v. Shalala,* 60 F.3d 1507, 1513 (11th Cir.1995). *Sarasota* dealt only with the question whether employees' FICA payments voluntarily paid by their employer entered the calculation of a wage index for the geographic area of the hospital. Its holding does not speak to the question whether the employer's share of the FICA tax is an employee benefit as opposed to administrative and general expense for reimbursement purposes.

The judgment of the district court is **AFFIRMED.**